Filed 10/16/23  Vaughan v. Canning CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| MICHAEL A. VAUGHAN,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOHN CANNING,<br><br>Defendant and Appellant. | B311985<br><br>(Los Angeles County Super. Ct. No. 18SMCV00399) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark A. Young, Judge.  Affirmed.

Schwimer Weinstein, Michael E. Schwimer, and Mitchell E. Rosenweig for Defendant and Appellant.

Bailey Law Corporation and William R. Bailey for Plaintiff and Respondent.

Defendant and Appellant Michael Vaughan (Vaughan) and plaintiff and respondent John Canning (Canning) are erstwhile friends who grew apart and ultimately were embroiled in conflict. After a heated disagreement at Vaughan's home about politics, Canning changed Vaughan's computer password and thereby prevented Vaughan from accessing his business files. Vaughan sued Canning for damages attributable to the password change and Canning responded with an anti-SLAPP motion (Code Civ. Proc.,[1] § 425.16), contending the lawsuit sought to suppress his political speech and litigation-related activity. We consider whether the trial court correctly rejected these arguments and denied the anti-SLAPP motion.

## I. BACKGROUND

### A. The Facts as Alleged in the Operative Complaint

Vaughan, a public insurance adjuster, taught his friend Canning the business of public insurance adjusting and allowed Canning to use his home office and equipment to conduct Canning's business. Vaughan also occasionally gave Canning work to help Canning earn extra money.

In July 2018, Canning was at Vaughan's home and the two got into a heated argument about "politics" (the record does not permit being any more specific). Vaughan asked Canning to leave, but Canning initially refused and verbally threatened Vaughan. Canning only left the premises after Vaughan's adult son intervened. The following day, Vaughan and Canning resumed normal friendly relations.

---

[1] Undesignated statutory references that follow are to the Code of Civil Procedure.

Months later, in October 2018, the scenario was largely repeated: Canning and Vaughan had a "political argument" at Vaughan's home, Vaughan asked Canning to leave, Canning refused and pushed Vaughan, and Canning departed only after Vaughan's adult son intervened.

Soon thereafter, Vaughan learned Canning paid a visit to Vaughan's attorney and told the attorney about the fight the two men had and his (Canning's) intention to sue Vaughan. Vaughan also discovered Canning had secretly changed the password to Vaughan's computer, rendering Vaughan unable to access his business files. As a result, Vaughan was prevented from contacting clients, meeting deadlines, and performing work he had been contracted to perform. Vaughan contacted Canning and asked for the new password, but Canning refused to provide it.

In November 2018, Canning purported to provide Vaughan with the password through their respective attorneys, but the password Canning provided (DrtyDblRbrHole69) did not work. Vaughan was accordingly unable to access his files for more than 30 days.

### B. Court Proceedings on the Complaint

Vaughan filed the original complaint in this action in December 2018 and an amended complaint (the operative complaint) in May 2020.[2] The operative complaint alleges seven causes of action: conversion; intentional interference with prospective economic advantage; intentional interference with

---

[2] Canning filed a complaint against Vaughan in January 2019 that alleged seven causes of action arising in part out of the same altercations. The cases were ordered related.

contract; negligent interference with prospective economic relations; breach of fiduciary duty; unfair business practices; and inducing breach of contract. Vaughan sought damages, including punitive damages, and a permanent injunction against Canning barring him from engaging in any wrongful act or practice described in the complaint.

Canning filed a section 425.16 special motion to strike the operative complaint. The motion argued the claims in the operative complaint arose out of Canning's political speech, which Canning contended was protected activity under section 425.16, subdivision (e)(4), and out of Canning's visit to Vaughan's attorney, which Canning contended was protected activity under section 425.16, subdivision (e)(2). Canning also argued Vaughan could not demonstrate a probability of prevailing on his substantive claims because they are barred by the litigation privilege, preempted by the Federal Copyright Act, and devoid of adequate factual support.

Vaughan opposed the anti-SLAPP motion and maintained none of his claims arose from anti-SLAPP protected activity. Vaughan explained his causes of action were all predicated on Canning's surreptitious password change that interfered with his business, not the political arguments they had at Vaughan's home or Canning's visit to Vaughan's attorney—which were at best incidental allegations. Vaughan also argued he could establish a likelihood of prevailing on the merits of his claims, but he submitted no evidence to that effect.

After holding a hearing on the anti-SLAPP motion, the trial court denied the motion, finding none of the claims arose from protected activity. The court explained the allegations concerning the parties' arguments and Canning's visit to

4

Vaughan's attorney were just background facts and the complaint could not be read as attempting to hold Canning liable for constitutionally protected speech or pre-litigation activity.

## II. DISCUSSION

Vaughan's lawsuit is obviously not a SLAPP (strategic lawsuit against public participation) and the arguments Canning offers to claim that it is are not serious arguments. Vaughan's claims arise from Canning's act of changing Vaughan's password and subsequent refusal to provide the new password. (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1062 ["A claim arises from protected activity when that activity underlies or forms the basis for the claim"].) Vaughan's claims do not arise from, or otherwise premise liability on, Canning's unspecified "political" argument with Vaughan, Canning's conversations with Vaughan's attorney, or the substance of Canning's password change itself.[3]

### A.    *Protected Activity under the Anti-SLAPP Statute*

"[I]n ruling on an anti-SLAPP motion, courts should consider the elements of the challenged claim and what actions by the defendant supply those elements and consequently form the basis for liability." (*Park, supra*, 2 Cal.5th at 1063; accord,

---

[3]    Because we hold Canning did not carry his burden to establish Vaughan's complaint arises from activity protected by section 425.16, we need not (and do not) discuss whether Vaughan has a probability of prevailing on any of his claims. (*Musero v. Creative Artists Agency, LLC* (2021) 72 Cal.App.5th 802, 823.)

*Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1010, 1015 [anti-SLAPP analysis begins with a consideration of the elements of each claim, "the actions alleged to establish those elements, and whether those actions are protected"].) Whether a claim is based on protected activity turns on "whether the '"core injury-producing conduct"' warranting relief under the cause of action is protected activity." (*Mission Beverage Co. v. Pabst Brewing Co., LLC* (2017) 15 Cal.App.5th 686, 698.)

There are four categories of protected activity under the anti-SLAPP statute. Canning's appellate brief invokes the subdivision (e)(2), (e)(3), and (e)(4) categories, which encompass (respectively) statements in connection with an issue under review by a judicial body, statements in a public forum in connection with an issue of public interest, and conduct in furtherance of the exercise of the constitutional right of free speech in connection with a public issue or an issue of public interest. The second of these invocations (§ 425.16, subd. (e)(3)) is forfeited for failure to argue the point below. (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 321, fn. 10; *Hunter v. CBS Broadcasting Inc.* (2013) 221 Cal.App.4th 1510, 1526; *Bently Reserve LP v. Papaliolios* (2013) 218 Cal.App.4th 418, 436.)

> B.     *None of Vaughan's Claims Arises from the Parties'*
>        *"Political Argument" or Canning's Conversation with*
>        *White*

The anti-SLAPP statute applies only where protected "speech or petitioning activity *itself* is the wrong complained of, and not just evidence of liability or a step leading to some different act for which liability is asserted." (*Park, supra*, 2 Cal.5th at 1060; *Rand Resources, LLC v. City of Carson* (2019) 6

Cal.5th 610, 620 [a defendant's first-step burden requires a showing "that the 'conduct by which plaintiff claims to have been injured falls within one of the four categories described in subdivision (e) [of section 425.16]' [citation], and that the plaintiff's claims in fact *arise* from that conduct"].)  Accordingly, we first identify the allegations that supply the elements of a plaintiff's claims because, as already mentioned, "[a]llegations of protected activity that merely provide context, without supporting a claim for recovery, cannot be stricken under the anti-SLAPP statute."  (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 394.)

In his opening brief on appeal, Canning contends that because each enumerated cause of action in Vaughan's complaint incorporates all of the allegations in the complaint, "each of the substantively factual contentions in Vaughan's FAC arise out of" Canning's protected speech—including, as relevant here, the political argument between Canning and Vaughan, and Canning's statements to White threatening to sue Vaughan. While Canning is correct that the causes of action incorporate the relevant factual allegations, the mere incorporation of allegations referencing protected activity does not by itself establish the claims arise from protected activity.  (E.g., *Olivares v. Pineda* (2019) 40 Cal.App.5th 343, 352 [finding "incorporated allegations of protected activity merely provide[d] context and are not the basis for [the] plaintiffs' claim for recovery"]; *Kajima Engineering and Construction, Inc. v. City of Los Angeles* (2002) 95 Cal.App.4th 921, 931-932 ["[c]omplaints generally incorporate prior allegations into subsequent causes of action" and mere incorporation by reference does not taint causes of action that do not arise from protected activity].)

The injury producing conduct alleged in each of Vaughan's claims against Canning is Canning's act of changing Vaughan's password without his consent and refusing to give Vaughan the new password, thereby preventing Vaughan from accessing his files. The "specific acts of alleged wrongdoing" (*Bergstein v. Stroock & Stroock & Lavan LLP* (2015) 236 Cal.App.4th 793, 804) do not involve Canning's argument with Vaughan or Canning's direct or indirect communications with White. Vaughan's claims thus do not arise from those allegations, which—at the very most—"merely provide context." (*Baral*, *supra*, 1 Cal.5th at 394; see also *Bonni*, *supra*, 11 Cal.5th at 1012.)

In his reply brief, Canning for the first time addresses the elements of Vaughan's causes of action and argues the allegations regarding his communications with Vaughan's attorneys are necessary to supply the element of wrongfulness or malice to Vaughan's claims, and to his prayer for punitive damages.[4] As an initial matter, we need not address arguments raised for the first time in reply. (*People v. Tully* (2012) 54 Cal.4th 952, 1075 ["It is axiomatic that arguments made for the first time in a reply brief will not be entertained because of the unfairness to the other party"].) Regardless, to the extent that Canning's argument is a response to rhetoric employed in

---

[4] Canning mentioned his communications with White supported Vaughan's prayer for punitive damages in passing in his opening brief, without any citation to authority. That brief reference does not require us to consider this point any further as "issues not addressed as error in a party's opening brief with legal analysis and citation to authority are forfeited." (*Golden Door Properties, LLC v. Superior Court* (2020) 53 Cal.App.5th 733, 786.)

8

Vaughan's respondent's brief (i.e., his assertions that Canning's actions were malicious), it is the allegations of the complaint and the elements of Vaughan's causes of action that matter, not language in his appellate brief.[5]

C.     *Canning's Change of Vaughan's Password Is Not Protected under Subdivision (e)(4)*

Section 425.16, subdivision (e)(4) is a "catchall" provision, which requires a two-stage analysis. (*FilmOn.com Inc. v. DoubleVerify Inc.* (2019) 7 Cal.5th 133, 149.) "First, we ask what 'public issue or . . . issue of public interest' the speech in question implicates—a question we answer by looking to the content of the speech. [Citation.] Second, we ask what functional relationship exists between the speech and the public conversation about some matter of public interest. It is at the latter stage that context proves useful." (*Id.* at 149-150.)

The "first step is satisfied so long as the challenged speech or conduct, considered in light of its context, may reasonably be understood to implicate a public issue, even if it also implicates a private dispute." (*Geiser v. Kuhns* (2022) 13 Cal.5th 1238, 1253.) The second step "requires us to determine whether a functional

---

[5]     Additionally, we disagree with Canning's assertion that, absent the allegations he contends should have been stricken, the complaint substantively alleges "nothing more than an employee who innocently changed a password during the regular course of his employment." If nothing else, the complaint also alleges Canning refused to provide Vaughan with the new password, thereby preventing him from accessing his files for approximately one month. In context, it defies credulity to characterize the changing of Vaughan's password as an innocent action.

9

relationship exists between the speech in question and the public conversation about the issue of public interest." (*Bishop v. The Bishop's School* (2022) 86 Cal.App.5th 893, 906.) The speech cannot merely "'refer to a subject of widespread public interest; the statement must in some manner itself contribute to the public debate.'" (*FilmOn, supra*, 7 Cal.5th at 150.) In evaluating this step, we "must consider the particular context of the speech, including the speaker's identity; the 'purpose' of the speech; the nature of the audience and the intended audience; and the 'timing' and 'location' of the communication." *(Murray v. Tran* (2020) 55 Cal.App.5th 10, 30.)

Canning contends his act of changing Vaughan's password was an act of political protest protected under section 425.16, subdivision (e)(4). The nature of Canning's purported political protest, like the specifics of the "political argument" between Canning and Vaughan, is unspecified. We therefore cannot make any meaningful assessment at the first stage of *FilmOn* analysis: yes, the public may be interested in politics, but that is far too general a statement of the asserted issue of public interest in play and Canning's anti-SLAPP evidence does nothing to clarify things. But we shall assume for argument's sake that Canning has cleared the first *FilmOn* hurdle because it is obvious he has not cleared the second. As great as the public's interest may be in politics, that interest cannot reasonably be said to extend to Canning's surreptitious change of a computer password while a guest at his former friend's home.[6]

---

[6] There are neither allegations nor evidence in the record that establish any functional relationship between Canning's act of changing Vaughan's password (or the language of the incorrect password he later provided to Vaughan through counsel) and any

## DISPOSITION

The order denying Canning's anti-SLAPP motion is affirmed.  Vaughan is awarded costs on appeal.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, Acting P. J.

We concur:


MOOR, J.


KIM, J.

---

public conversation about politics.  Similarly, there is no allegation or evidence indicating the incorrect password Canning communicated to Vaughan through their respective counsel was publicized beyond those few individuals.  That Canning might have communicated some opaque private message to Vaughan through the wording of the false password does not contribute to any public debate.  Additionally, the record does not reflect any purpose to the conduct beyond impacting Vaughan.